IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J.L. COLES, dba SELECT EQUIPMENT
LEASING CO.,

       Plaintiff,

  v.

MAVIS OARD, dba OARD'S SERVICE
AND GARAGE,

       Defendant.

Civil No. 05-219-HA

ORDER

HAGGERTY, Chief Judge:

    Plaintiff J. L. Coles (plaintiff or Coles) filed a Complaint on February 15, 2005, alleging fraud, conversion, and "money had and received." On March 17, 2005, defendant filed a Motion to Dismiss (Doc. #4), in which she moved for an order either dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1332 for lack of diversity jurisdiction or, alternatively, requiring plaintiff to make his Complaint

more definite and certain. For the reasons that follow, defendant's motion is granted in part.

**FACTUAL BACKGROUND**

Coles, doing business as Select Equipment Leasing Co. (Select), is a citizen of California, and Select's principal place of business is in California. Defendant Mavis Oard (defendant or Oard), doing business as Oard's Service and Garage (Oard's), is a resident of Burns, Oregon. Ray W. Anderson (Anderson) is also a resident of Burns, Oregon, and is the sole owner of AAA Land and Livestock, Inc. (AAA).

On or about November 25, 2002, Select entered into a written lease agreement with AAA, whereby Select agreed to lease certain equipment to AAA. Pursuant to the lease agreement, three out of the four items of equipment were required to be new. Upon the advice of Anderson, Select arranged to purchase the equipment from Oard's for $33,000. Oard's represented to Select that the items were existing and were new. Unknown to Select at the time, Anderson's brother-in-law was Oard's agent through which the equipment was ordered.

Pursuant to a broker agreement, Select was also required to purchase a lease between Manifest Funding Services (Manifest) and AAA (referred to as "the Manifest lease") for equipment similar to that under Select's lease with AAA. The equipment that was subject to the Manifest lease was actually manufactured by Anderson.

Plaintiff alleges that the equipment that Oard's sold to Select and Manifest was not new equipment, despite Oard's representations to the contrary. Plaintiff also alleges that the money he and Manifest paid to Oard's either was used by Anderson to fund the manufacture and marketing of the equipment or was used by Anderson or Oard for their own purposes.

Select alleges the following damages: $45,580, the amount remaining to be paid on the lease between Select and AAA; $946 in late charges on the lease between Select and AAA; and $40,210.50 for the lease between Manifest and AAA. This amounts to a total of $86,736.50.

**ANALYSIS**

Defendant moves to dismiss the complaint under 28 U.S.C. § 1332 for lack of diversity and lack of sufficient amount in controversy. Alternatively, defendant moves for an order requiring plaintiff to make its complaint more definite and certain.

**A. Diversity jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* at 377 (citations omitted). Federal law defines diversity jurisdiction as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332.

Defendant argues that plaintiff has failed to demonstrate diversity jurisdiction because the Complaint states that his principal place of business is in California, but not that he is a citizen of California. In his response to the Motion to Dismiss, plaintiff states that he is indeed a citizen of California and indicated that he would file an amended complaint clarifying that issue. The court is satisfied that the parties are citizens of different states.

Defendant also argues that the amount in controversy does not exceed $75,000 because Oard's was not the "lessee" under either of the leases and, therefore, cannot be liable for more than the $63,000 that was allegedly paid to her. When a claim is filed in federal court based on diversity jurisdiction and a defendant moves to dismiss the case for want of jurisdiction, the court determines whether it appears "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Here, plaintiff alleges that defendant is liable for the full amount still owing on Select's lease with AAA ($45,580 plus $946 in late charges) and for the amount Select paid to assume the Manifest lease ($40,210.50). This amount totals $86,736.50, and it does not appear to a legal certainty that plaintiff's claim is for less than this amount.

**B. Plaintiff's allegations of fraud, conversion, and "money had and received"**

Defendant argues that plaintiff should be required to make his claim for fraud more definite and certain pursuant to Federal Rule of Civil Procedure 12(e), which provides that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).[1]

---

[1] In her reply brief, defendant argues for the first time that plaintiff's damages for fraud are limited to out-of-pocket expenses. Because this issue was raised for the first time in a reply brief, the court will not consider it here.

Federal Rule of Civil Procedure 9(b) provides that all allegations of fraud shall contain the circumstances constituting the fraud with particularity. This means that, to satisfy 9(b)'s requirements, the plaintiff must identify the time, place, and content of the allegedly fraudulent act or statement. *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) (citation omitted). To establish fraud under Oregon law, the plaintiff must plead:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the defendant's knowledge of its falsity or ignorance of its truth; (5) the defendant's intent that the representation should be acted on by the plaintiff and in the manner reasonably contemplated; (6) the plaintiff's ignorance of its falsity; (7) the plaintiff's reliance on its truth; (8) the plaintiff's right to rely on the representation; (9) and the plaintiff's resulting injury.

*Smallwood v. Fisk*, 934 P.2d 557, 559 (Or. App. 1997) (citing *Rice v. McAlister,* 519 P.2d 1263, 1265 (Or. 1974)).

In his Complaint, plaintiff alleges: that Oard's represented that three items of equipment it sold to Select were existing and new; that these representations were false; that Oard's knew when it made the representations that they were false; that they were made with the intent to deceive Select; that plaintiff did not know that the representations were false; that plaintiff reasonably relied on the representations; and that plaintiff suffered damages totaling $86,736.50. Plaintiff alleges similar facts with respect to the Manifest lease.

Although the Complaint provides the general nature of the alleged misrepresentations, the court finds that, as pled, it fails to meet the requirements of Fed. R. Civ. P. 9(b) in which "*all* averments of fraud" are to be pled with specificity. *Id.* (emphasis added). The Complaint fails to apprise the court of the specific time, place, and manner of

the alleged misrepresentations; in particular, it fails to provide sufficiently specific allegations regarding plaintiff's claim of fraud based on the Manifest lease.

**CONCLUSION**

Defendant's Motion to Dismiss (Doc. #4) is GRANTED in part. Plaintiff is ordered to submit a more definite Complaint that sets forth each alleged claim and its elements with sufficient particularity, as provided in the Federal Rules of Civil Procedure and this Order. Plaintiff is also ordered to specifically plead subject matter jurisdiction. The Amended Complaint shall be filed no later than May 31, 2005.

IT IS SO ORDERED.

Dated this _16____ day of May, 2005.

                                                      /s/Ancer L. Haggerty

                                                    ANCER L. HAGGERTY
                                                    United States District Judge